## JIM HALL V. THE STATE.

No. 15726.   Delivered May 10, 1933.
Rehearing Denied June 7, 1933.
Reported in 61 S. W. (2d) 105.

The opinion states the case.

*J. E. Atcheson,* of Crowell, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is drunkenness in a public place, as defined by article 477, P. C.; penalty assessed at a fine of twenty-five dollars.

No statement of facts accompanies the record. By affidavit, appellant attempts to excuse the failure to prepare a statement of facts in claiming that he relied upon the trial judge to prepare said statement and that the judge promised to do so; that the promise was made on the 9th day of July, 1932. At a later date, appellant was advised by the judge that it was not his duty to prepare the statement of facts. It appears that the case was tried on the 12th day of May, 1932. The court adjourned on the 14th day of that month. The fact that the appellant and counsel for the state could not agree upon a statement of facts would not excuse an effort upon the

part of the appellant to prepare one. The law imposed upon the appellant the use of diligence to have a statement of facts prepared and filed. See article 760, C. C. P., 1925, as amended, also Vernon's Ann. Tex. C. C. P., vol. 3, p. 77; also note 22, p. 99, and note 55, p. 132. In the present matter, diligence is not shown.

Something over twenty bills of exception are found in the record. In each instance the bill is qualified by the trial judge. By affidavit the appellant states that he did not consent to the qualification and that the trial judge refused to note the appellants exception to the qualification. The presumption that the judge was within his rights in making the qualification cannot be overcome by the affidavit of the appellant. His remedy would be by a bystanders bill. See Tex. Jur., vol. 4, secs. 190 to 196. See, also, the recent case of Etta Black v. State, No. 15699, not yet reported. We will add, however, that in the present instance the affidavit of the appellant was controverted by those of the judge, the county attorney and others. The additional remark will be made that the bills, in their nature, relate to rulings of the court during the trial, which cannot be appraised in the absence of a statement of facts. Circumstances require that the bills be considered as qualified, and as so considered, they present no error.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant makes a vigorous motion for rehearing, but has wholly failed to convince us that our former opinion was not correct. We are bound by the qualifications of the trial court placed upon bills of exception. The way in which complaint may be made of such qualification is by an exception noted at the time. Appellant seems to think that the fact that two days after the qualifications were placed on the bills of exception, he filed with the clerk notice of his objection to the qualifications, would be sufficient to inform this court that he did except to the qualifications, and that the court refused to note his exception. We do not think this correct practice, nor sufficient to justify us in rejecting the qualifications of the trial court.

Our statute very plainly gives to one who is dissatisfied with the court's bill of of exception, the right to prepare a bystanders' bill. We find nothing of that kind in the record.

The motion for rehearing will be overruled.

*Overruled.*